IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUIS DANIEL ROBLES, | § | |
| Reg. No. 11040-028, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-17-CV-88-KC |
| | § | |
| J. SCOTT WILLIS, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Luis Daniel Robles seeks relief from his federal sentence through a petition under 28 U.S.C. § 2241 (ECF No. 1). After reviewing the record and for the reasons discussed below, the Court will *sua sponte* dismiss the petition, pursuant to 28 U.S.C. § 2243.[1]

Robles, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] is serving a 120-month sentence imposed by the United States District Court for the Southern District of Indiana after he pleaded guilty to possessing with the intent to distribute more than 500 grams of methamphetamine.[3] Robles claims that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Indiana District Court erred when it relied on his prior convictions in California for receipt of stolen property and felon in possession of a weapon to increase his criminal history category from I to II.[4] He

---

[1] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[3] J. Crim. Case, May 21, 2013, ECF No. 43, *United States v. Robles*, 1:13-CR-28-JMS-1, S.D. Ind.

[4] Pet'r's Pet. 1, ECF No. 1.

asks the Court to resentence him without considering his prior California convictions.[5]

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[6] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[7] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[8]

By contrast, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[9] Relief under § 2255 is warranted for errors that occurred at trial or sentencing.[10] A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[11]

Section 2255(e) does contain a "savings clause" which acts as a limited exception to these general rules. It provides a court may entertain a petition for writ of habeas corpus under § 2241 challenging a

---

[5] *Id.* at 3.

[6] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[7] 28 U.S.C. § 2241(c) (2012).

[8] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[9] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[10] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[11] *Pack*, 218 F.3d at 452.

federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[12] A petitioner must, however, satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[13]

A petitioner must prove both prongs to successfully invoke the savings clause.[14] Thus, § 2241 is not a mere substitute for § 2255; a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.[15] In this case, Robles may proceed with an attack on the validity of his sentence in a § 2241 petition only if he can meet both prongs of the stringent test in the § 2255(e) "savings clause."[16]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[17] To meet the first prong, a petitioner must rely on a retroactively applicable Supreme Court decision which

---

[12] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[13] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[14] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[15] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[16] *Kinder*, 222 F.3d at 212.

[17] *Reyes-Requena*, 243 F.3d at 903.

establishes that he may have been convicted of a nonexistent offense.[18]

Robles relies on the Supreme Court's opinion in *Mathis* to support his claim that he is entitled to sentencing relief. The *Mathis*, Court outlined the process by which a district court should determine, for the purposes of imposing an enhanced sentence under the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii).[19] Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense.[20] In *Mathis*, the Court reaffirmed this approach. The Court explained, however, that because the inquiry focuses on the generic offense, the court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition."[21] Accordingly, if the elements of the state law crime are broader than the generic version of the enumerated federal offense, then the state law conviction cannot serve as a predicate for career offender status under the Armed Career Criminal Act. But because the *Mathis* Court reaffirmed prior Supreme Court rulings, it has not been recognized as announcing a new substantive rule retroactively applicable to cases on collateral review.[22]

---

[18] *Id.* at 904.

[19] *Mathis v. United States*, 136 S. Ct. 2243, 2247-57 (2016). See 18 U.S.C. § 924(e)(2)(B) (2012) ("the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year … that-- … (ii) is burglary, arson, or extortion, involves use of explosives[.]").

[20] *Id*. at 2257. *See also Taylor v. United States*, 495 U.S. 575, 599 (1990).

[21] *Mathis*, 136 S. Ct. at 2257.

[22] *Id*. at 2251-52 (noting that the Court's prior precedent, including *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013), indicated the rule was not new); *see also United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (concluding "*Mathis* did not announce a new rule."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (concluding *Mathis* did not announce a new rule that

-4-

Moreover, because it reaffirmed prior rulings, Robles's claim was not foreclosed by circuit law at the time he should have raised his claim at trial, on appeal, or in a § 2255 motion.

Furthermore, Robles does not assert his factual innocence with regard to his drug-trafficking conviction in the Indiana District Court. He challenges the calculation of his criminal history category and his sentence. Thus, Robles has not alleged or shown that he "may have been convicted of a nonexistent offense" in the Indiana District Court.[23] In other words, his claim "has no effect on whether the facts of his case would support his conviction for the substantive offense."[24]

Since Robles's claim does not meet either prong of the savings clause, the Court will not allow him to proceed with a claim pursuant to § 2241.

Additionally, the Court notes that Robles "expressly agree[d] not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255."[25] "A defendant may waive his statutory right to appeal if the waiver is knowing and voluntary."[26] Because Robles indicated that he "read the entire Plea Agreement and discussed it with [his] attorney" and "underst[ood] all the terms of the Plea Agreement,"[27] which included an explicit, unambiguous waiver of a collateral

---

would allow a second or successive habeas petition).

[23] *Reyes-Requena*, 243 F.3d at 904.

[24] *Padilla*, 416 F.3d at 427 (emphasis added).

[25] Plea Agreement 5, Mar. 11, 2013, ECF No. 32, *United States v. Robles*, 1:13-CR-28-JMS-1, S.D. Ind.

[26] *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

[27] Plea Agreement 8.

attack on his sentence, the waiver was knowing, voluntary, and binding.[28]

The Court will, therefore, dismiss Robles's petition as frivolous, and to the extent that Robles's petition may be construed as a § 2255 motion, the Court will dismiss it for lack of jurisdiction.[29] Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Luis Daniel Robles's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) and this cause are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 10th day of May, 2017.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[28] *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)

[29] *Ojo*, 106 F.3d at 683.